JOHN H. GOMEZ (SBN 171485)
*john@thegomezfirm.com*
AHMED S. DIAB (SBN 262319)
*adiab@thegomezfirm.com*
LINDSAY R. STEVENS (SBN 286511)
*lstevens@thegomezfirm.com*
**GOMEZ TRIAL ATTORNEYS**
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490
Fax: (619) 237-3496

ALEX DAVIS (SBN 94899)
*alex@jonesward.com*
**JONES WARD PLC**
312 S. Fourth Street, 6th Floor
Louisville, KY 40202
Telephone: (502) 882-6000
Fax: (502) 587-2007
*(Pending Pro Hac Vice)*

*Attorneys for Plaintiff Sidney Rand*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SIDNEY RAND,<br><br>Plaintiff,<br><br>v.<br><br>SMITH & NEPHEW, INC., a Tennessee Corporation,<br><br>Defendants. | Case No: 2:16-cv-09383-RGK-RAO<br>Action Filed: December 20, 2016<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS DUE TO PENDING ORAL ARGUMENT BEFORE THE U.S. JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br><br>Hon. R. Gary Klausner<br>Date: April 3, 2017<br>Time: 9:00 a.m.<br>Courtroom: 850, 8th Floor |

//

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**NOTICE IS HEREBY GIVEN THAT** on April 3, 2017, at 9:00 a.m. before the Honorable Judge R. Gary Klausner, in Courtroom 850 of the United States District Court for the Central District of California, located on the 8th Floor of the United States Courthouse, 255 East Temple Street, Los Angeles, California, Plaintiff will and hereby does move the Court for an Order staying briefing on Defendant Smith & Nephew, Inc.'s Motion to Dismiss due to the pending oral argument on March 30, 2017, by the United States Judicial Panel on Multidistrict Litigation's ("JPML").

1. It is appropriate for this Court to enter a stay in this action because doing so is within the court's discretion, serves the interests of judicial economy and efficiency and doing so causes no hardships or inequity to defendant. Granting a stay also would be consistent with previous decisions from this judicial district granting stays of other actions pending JPML rulings. Furthermore, federal courts in California routinely grant stays of remand motions pending a decision by the JPML on MDL transfer.

2. This Motion is based on the Notice of Motion, the accompanying Brief in Support and exhibits thereto, the pleadings on file herein, and such argument as the Court may allow. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on Friday, February 17, 2017.

Dated: February 27, 2017

**GOMEZ TRIAL ATTORNEYS**

/s/ Ahmed S. Diab

JOHN H. GOMEZ
*jgomez@gomeztrialattorneys.com*
AHMED S. DIAB
*adiab@gomeztrialattorneys.com*
LINDSAY R. STEVENS
*lstevens@gomeztrialattorneys.com*
655 West Broadway, Suite 1700

San Diego, CA 92101
Telephone: (619) 237-3490
Fax: (619) 237-3496

**JONES WARD PLC**

ALEX DAVIS
*alex@jonesward.com*
312 S. Fourth Street, 6th Floor
Louisville, KY 40202
Telephone: (502) 882-6000
*(Pending Pro Hac Vice)*

*Attorneys for Plaintiff Sidney Rand*

**MEMORANDUM IN SUPPORT OF MOTION TO STAY**

Plaintiff, Sidney Rand, by counsel, states the following for his Motion to Stay all litigation in this proceeding due to the pending oral argument on March 30, 2017, by the U.S. Judicial Panel on Multidistrict Litigation:

1. Plaintiff filed his complaint with this Court in the above-referenced matter on December 20, 2016. Defendant, Smith & Nephew, filed a Motion to Dismiss on February 24, 2017.

2. On February 14, 2017, ten days before Defendant filed its motion to dismiss, the Judicial Panel on Multidistrict Litigation issued a Notice of Hearing Session, a copy of which is attached as **Exhibit A**, scheduling oral argument on a motion to transfer all pending Smith & Nephew cases, including Plaintiff's case, to the District of Maryland.

3. The purpose of the Panel's oral argument on March 30, 2017, is to determine the merits of centralization into Multidistrict Litigation, pursuant to 28 U.S.C. § 1407, of more than 35 cases, including Plaintiff's case, that all involve common factual and legal issues related to Smith & Nephew's defective and recalled prosthetic hip devices. **Exhibit B**, Brief in Support of Motion For Transfer of Actions.

4. Plaintiff Sidney Rand supports centralization of these cases in an MDL, because the cases involve common factual and legal issues related to Smith & Nephew's defective and recalled prosthetic hip devices. Indeed, one such court presiding over a Smith & Nephew BHR case already has granted a Motion to Stay under nearly identical circumstances. **Exhibit C**, Order Granting Motion to Stay, *Steven A. Zingler v. Smith & Nephew, Inc.*, 16-cv-1599 (E.D. Wisc.)(Feb. 21, 2017).

5. It is within the discretion of this Court to grant a Motion to Stay proceedings in litigation pending resolution by the Judicial Panel on Multidistrict Litigation ("JPML") of a motion for consolidation. *Egon v. Del-Val Fin. Corp.*, Civil Action No. 90-4338, 1991 U.S. Dist. LEXIS 1420, at *2 (D.N.J. Feb. 1, 1991)(citing "… considerations of judicial economy" among other factors in granting such a stay. *See also Dunlap v. GM*

*LLC*, No. 16-01060-CV-W-RK, 2016 U.S. Dist. LEXIS 176493, at *23 (W.D. Mo. Dec. 21, 2016).

6. In considering whether to grant a motion to stay under these circumstances, a Court should three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *American Seafood v. Magnolia Processing, Inc.*, 1992 U.S. Dist. LEXIS 7374, 1992 WL 102762, at *1-2 (E.D. Penn. 1992); see also Meyers v. Bayer AG, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)("it will generally require weighing the judicial economy gained and hardship to the moving party avoided by granting the stay against the harm to the non-moving party."

7. In the instant case, judicial resources will be saved by a brief stay on the proceedings while the JPML determines whether to consolidate these cases and transfer them pursuant to 28 U.S.C. § 1407. Defendant's current Motion to Dismiss is based on the doctrine of express and implied preemption under the framework of the Medical Device Amendments to the Federal Food, Drug and Cosmetic Act of 1976. This same argument will be a key issue in the early stages of the proposed consolidated litigation, MDL No. 2775, *In Re: Smith & Nephew BHR & R3 Hip Implant Products Liability Litigation*. Extensively briefing this complicated issue under California law for a single case, without any discovery conducted by either party, does not make sense when a transferee judge in an MDL will be able to evaluate the same issue and make consistent rulings for dozens or even hundreds of cases in a few short months. It is also highly unlikely that this Court will have sufficient time to fully evaluate and rule upon Defendant's pending motion, given the short time frame before the March 30, 2017, oral arguments before the JPML in Phoenix, Arizona.

8. Smith & Nephew will not endure any hardships if the Motion to Stay is

granted. It faces dozens of other lawsuits scattered across more than two dozen U.S. District Courts related to the same defective and recalled BHR prosthetic hip device. In a majority of those cases where the preemption issue has been fully briefed, Plaintiffs have survived motions to dismiss. *See, e.g.*, **Exhibit B**. If the JPML denies the motion to transfer to the District of Maryland or an alternative venue, briefing on the Motion to Dismiss before this Court may resume no later than mid-April.

9. At the same time, Plaintiff, Sidney Rand, will endure a substantial hardship if the Motion to Stay is not granted. First, the preparation of a thoughtful and comprehensive response to the Motion to Dismiss is no small task, and will require dozens of hours of preparation and drafting. Second, this diligent work will most likely be performed for naught, as the Court will not have adequate time to review and rule upon the motion after it is fully briefed due to the close proximity of the March 30 hearing. Third, Plaintiff has not received the benefit of any discovery in this matter, unlike other pending BHR cases that have survived motions to dismiss and where the undersigned counsel does have the benefit of discovery. Finally, there is a risk to Plaintiff of inconsistent rulings on the preemption issue if this Court does not grant the Motion to Stay, because the transferee judge in the proposed MDL proceeding will be reviewing the same legal and factual matters that are presently before this Court.

10. For the reasons stated above, Plaintiff respectfully requests that this Court grant a Motion to Stay proceedings until such time as the JPML rules upon the motion to consolidate this and other pending cases in an MDL. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on Friday, February 17, 2017.

Dated: February 27, 2017

**GOMEZ TRIAL ATTORNEYS**

/s/ Ahmed S. Diab
JOHN H. GOMEZ
*jgomez@gomeztrialattorneys.com*
AHMED S. DIAB
*adiab@gomeztrialattorneys.com*
LINDSAY R. STEVENS

*lstevens@gomeztrialattorneys.com*
655 West Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490
Fax: (619) 237-3496

**JONES WARD PLC**

ALEX DAVIS
*alex@jonesward.com*
312 S. Fourth Street, 6th Floor
Louisville, KY 40202
Telephone: (502) 882-6000
*(Pending Pro Hac Vice)*

*Attorneys for Plaintiff Sidney Rand*