JOHN H. GOMEZ (SBN 171485)
*jgomez@gomeztrialattorneys.com*
AHMED S. DIAB (SBN 262319)
*adiab@gomeztrialattorneys.com*
LINDSAY R. STEVENS (SBN 286511)
*lstevens@gomeztrialattorneys.com*
**GOMEZ TRIAL ATTORNEYS**
650 Town Center Drive, Suite 870
Costa Mesa, CA 92626
Telephone: (714) 881-0319
Fax: 619-237-3496

ALEX DAVIS
*alex@jonesward.com*
**JONES WARD PLC**
312 S. Fourth Street, 6th Floor
Louisville, KY 40202
Telephone: (502) 882-6000
Fax: (502) 587-2007
*(Admitted Pro Hac Vice)*
*Attorneys for Plaintiff Sidney Rand*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| SIDNEY RAND,<br><br>Plaintiff,<br><br>v.<br><br>SMITH & NEPHEW, INC.,<br><br>Defendant. | Case No: 2:16-CV-09383<br><br>**PLAINTIFF SIDNEY RAND'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

## TABLE OF CONTENTS


I. INTRODUCTION …………………………………………………………… 1

II. FACTUAL BACKGROUND ………………………………………………….. 1

III. MEDICAL DEVICE PREEMPTION AND THE MDA ………………………. 2

IV. STANDARD OF REVIEW ……………………………………………………. 3

V. ARGUMENT ……………………………………………………………….... 3

A. Plaintiff's claims under California law are based on sufficiently parallel violations of Smith & Nephew's duties under federal law ........………. 4

1. Plaintiff's Negligence Claim is Not Preempted by Federal Law …….. 4

2. Plaintiff's Plaintiff's Strict Liability Claims Are Not Preempted ……. 6

3. Plaintiff's Breach of Warranty Claims Are Not Preempted …………. 7

4. Plaintiff's Remaining Claims Are Not Preempted ………………..…. 8

B. The vast majority of other courts analyzing BHR claims, including in the Ninth Circuit, allow plaintiffs to survive preemption ……………..….8

1. Illinois Courts Reject Preemption Arguments ………………………. 9

2. New York Court Rejects Preemption Arguments …………………… 9

3. California Courts Reject Preemption Arguments …………………… 10

4. Ohio, Utah and Maryland Courts Reject Preemption Arguments …… 11

C. Plaintiff's Allegations Are Sufficient under Fed. R. of Civ. P. 8. …………..… 13

D. Plaintiff Requests an Opportunity to Amend ……………………………… 14

VI. CONCLUSION ……………………………………………………………... 15

# TABLE OF AUTHORITIES

**Cases**


*Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008) …… 2-4, 9
*Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996) …… 2-4, 9
*Solid Host, NL v. Namecheap, Inc.*, 652 F.Supp.2d 1092 (C.D. Cal. 2009) …… 3
*Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336 (9th Cir. 1996) …… 3
*Mier v. Owens*, 57 F.3d 747 (9th Cir. 1995) …… 3
*Ashcraft v. Iqbal*, 556 U.S 662 (2009) …… 3, 13
*Eidson v Medtronic, Inc.*, 981 F.Supp.2d 868 (N.D. Cal. 2013) …… 5
*Stengel v. Medtronic, Inc.*, 704 F.3d 1224 (9th Cir. 2013) (en banc) …… 5
*Steele v. Collagen Corp.*, 54 Cal. App. 4th 1474, 63 Cal. Rptr. 2d 879 (1997) …… 5
*Seedman v. Cochlear Ams.*, No. SACV 15-00366 JVS (JCGx), 2015 U.S. Dist. LEXIS 106305 (C.D. Cal. Aug. 10, 2015) …… 6
*Thibodeau v. Cochlear Ltd.*, No. CV-13-02184-PHX-DGC, 2014 U.S. Dist. LEXIS 101784 (D. Ariz. July 25, 2014) …… 6
*Michajlun v. Bausch & Lomb, Inc.*, 2015 U.S. Dist. LEXIS 30024 (S.D. Cal. Mar. 11, 2015) …… 6
*Eidson v. Medtronic Inc.*, 40 F.Supp.3d 1202, 1233 (C.D. Cal 2014) …… 6
*Elliott v. Smith & Nephew*, No. 1:12-CV-0070-EJL-MHW, 2013 U.S. Dist. LEXIS 59072 (D. Ida. Apr. 15, 2013) …… 7
*Houston v. Medtronic, Inc.*, 957 F.Supp.2d 1166 (C.D. Cal. 2013) …… 8
*Tapia v. Davol, Inc.*, 2015 U.S. Dist. LEXIS 151168 (S.D. Cal. Nov. 6, 2015) …… 8
*Baker v. Bayer Healthcare Pharms., Inc.*, 2013 U.S. Dist. LEXIS 179131 (N.D. Cal. 2013) …… 8
*Wash. Mut. Bank v. Superior Court*, 75 Cal. App. 4th 773, 89 Cal. Rptr. 2d 560 (1999) …… 8
*Comella v. Smith & Nephew, Inc.*, 2013 WL 6504427 (N.D. Ill. 2013) …… 9
*Elmore v. Smith & Nephew, Inc.*, 2013 WL 1707956 (N.D. Ill. 2013) …… 6, 9, 11, 14
*Tillman v. Smith & Nephew*, 2013 WL 3776973 (N.D.Ill. 2013) …… 9, 11, 14
*Laverty v. Smith & Nephew, Inc.*, 197 F. Supp. 3d 1026 (N.D. Ill. 2016) …… 9
*Gale v. Smith & Nephew, Inc.*, 989 F.Supp.2d 243 (S.D.N.Y. 2013) …… 9
*Herron v. Smith & Nephew, Inc.*, 2014 WL 1232224 (E.D.Ca. 2014) …… 9
*Chao v. Smith & Nephew, Inc.*, No. 13-CV-0114-H (BLM), 2013 U.S. Dist. LEXIS 169512, (S.D. Cal. Oct. 22, 2013) …… 9
*Frederick v. Smith & Nephew, Inc.*, 2013 WL 6275644 (N.D. Ohio 2013) …… 11
*Marion v. Smith & Nephew, Inc.*, 2016 U.S. Dist. LEXIS 99449 (D. Utah 2016) …… 11
*Williams v. Smith & Nephew, Inc.*, 2015 U.S. Dist. LEXIS 108670 (D. Md. Aug. 18, 2015) …… 11
*Raab v. Smith & Nephew, Inc.*, 150 F. Supp. 3d 671, 678 (S.D. W. Va. 2015) …… 12
*Spellman v. Smith & Nephew, Inc.*, 2017 WL 461447 (D. Ariz. Feb. 2, 2017) …… 15
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) …… 3, 13
*Bausch v. Stryker Corp.*, 630 F.3d 546, 560 (7th Cir. 2010) …… 13, 14
*Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016 (S.D. Cal. 2000) …… 14
*Paramount Contrs. Inc. v. City of L.A.*, 2011 U.S. Dist. LEXIS 156023 (C.D. Cal. Feb. 7, 2011) …… 14
*Fortner v. Hamrick*, 2016 U.S. Dist. LEXIS 20565 (C.D. Cal. Jan. 7, 2016) …… 14


**Rules**


Fed.R.Civ.P. 8(a)(2) …… 13, 14

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff, Sidney Rand, by and through the undersigned counsel, for his Response to Defendant Smith & Nephew, Inc.'s Motion to Dismiss, states as follows:

## I. INTRODUCTION

Plaintiff's Complaint alleges state law claims for injuries that are not preempted by federal law. Mr. Rand's injuries were caused by the defective and recalled Birmingham Hip Resurfacing system ("BHR"), a prosthetic hip implant developed, manufactured and marketed by Smith & Nephew, Inc. The BHR is a Class III medical device that received conditional premarket approval ("PMA") from the Food and Drug Administration ("FDA") on May 9, 2006. Smith & Nephew withdrew the BHR system from the market in June 2015, and issued a recall on September 10, 2015.

Defendant cannot meet its burden to show that Mr. Rand's claims are preempted. The express preemption clause upon which Defendant relies does not provide the all-encompassing protection it seeks and does not protect a manufacturer who fails to comply with the federal requirements applicable to its device. Here, Plaintiff's state law claims are based on Defendant's violations of applicable federal law, and do not exceed the requirements to which Defendant is subject under parallel California tort law.

There is a split of authority on the issue of parallel claims based on failure to file adverse event reports. The Ninth and Fifth circuits allow such claims, while the Eighth Circuit has stated they are impliedly preempted. Because this case is subject to Ninth Circuit law, Plaintiff's claims of failure to warn are neither expressly nor impliedly preempted. Further, Mr. Rand has set out sufficient facts to satisfy the requirements under Rule 8 and requests that this Court deny Defendant's Motion to Dismiss.

## II. FACTUAL BACKGROUND

Smith & Nephew's Birmingham Hip Resurfacing ("BHR") has two components: a cemented femoral head and a cementless acetabular cup. Plaintiff Sidney Rand (hereafter "Plaintiff" or "Mr. Rand") had a BHR implanted by Dr. Iqbal Anwar on March 5, 2012, in Los Angeles, California, during a left resurfacing of his worn hip joint due to arthritis.

Less than three years later, on February 19, 2015, Plaintiff sustained severe and permanent injuries when his metal-on-metal BHR hip device failed, shedding cobalt and chromium into his body and prompting a revision surgery on at Sherman Oaks Hospital in Sherman Oaks, California, by Dr. Gregg Sobeck. Had Smith & Nephew properly complied with the terms of its PMA, his doctor would not have implanted the BHR system in his hip joint, and/or that his doctor would have conducted proper monitoring of the device *after* implantation in 2012 and *prior* to his revision surgery in 2015 to minimize the damage caused by the device when it failed.

## III. MEDICAL DEVICE PREEMPTION AND THE MDA

Congress passed the Medical Device Amendments ("MDA") to the Federal Food, Drug, and Cosmetic Act in 1976 as part of an effort to "swe[ep] back some state obligations and impose a regime of detailed federal oversight." *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 315-16 (2008). Manufacturers of Class III devices such as the BHR are required to obtain premarket approval from the FDA before they can make their products available to patients. 21 U.S.C. § 360(e). The PMA process is "rigorous" and the FDA cannot approve a medical device unless "it is reasonably assured the device is safe and effective." *Riegel*, 552 U.S. at 317. A manufacturer's obligation does not end once the FDA grants premarket approval. The MDA imposes ongoing requirements, including requiring manufacturers to strictly adhere to the design, manufacturing, packaging, storage, labeling, distribution, adverse event reporting and advertising in the PMA approval order. 21 C.F.R. § 814.80.

The MDA contains an express preemption provision found at 21 U.S.C. § 360k. The United States Supreme Court has addressed express preemption on two occasions. In *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 481, 494-95 (1996), a plaintiff alleged that Medtronic pacemaker leads malfunctioned and caused an injury. The court stated that nothing in the MDA denied states "the right to provide a traditional damages remedy for violations of common-law duties when those duties parallel federal requirements." *Id.* at 495. In *Riegel v. Medtronic, Inc.*, 552 U.S. 312, 317-20, 322-23 (2008), the Court took

the reasoning in *Lohr* to the next step, holding that state law tort claims against the manufacturers of Class III medical devices that had successfully gone through the FDA's full premarket approval process — such as the Smith & Nephew BHR in this matter — were expressly preempted to the extent that they sought to impose *different* or *greater* obligations than federal law (emphasis added). In both *Lohr* and *Riegel*, the Supreme Court held that claims based on violations of common law duties that run "parallel" to federal regulations are not preempted.

## IV. STANDARD OF REVIEW

Rule 12(b)(6) motions test the legal sufficiency of the claims asserted in the complaint and dismissal is proper only where there is either a lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Solid Host, NL v. Namecheap, Inc.,* 652 F.Supp.2d at 1099(internal citations omitted). "The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party." *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens,* 57 F.3d 747, 750 (9th Cir. 1995).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcraft v. Iqbal*, 556 U.S 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Similarly, under Rule 8(a)(2), a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also* Defendant's Memorandum in Support of Motion to Dismiss at 8. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## V. ARGUMENT

It is not sufficient for Smith & Nephew to receive preemption protection when it first places its product into the market; it must, through its actions and efforts, earn it while its product is on the market. It failed to do so, and therefore Mr. Rand's claims are

not preempted.

### A. Plaintiff's claims under California law are based on sufficiently parallel violations of Smith & Nephew's duties under federal law

Smith & Nephew had a duty and was required to manufacture the BHR device in a manner consistent with the conditions for approval specified in the device's PMA approval order, and any deviation from the approval order was a violation of federal law. *See* Complaint at ¶ 27, 64. Specifically, Plaintiff seeks to hold Defendant responsible for selling and distributing a metal-on-metal hip device to the general public, and to Plaintiff in particular, with a high risk of failure. Defendant knew the health risks of metal toxicity posed by the BHR device before it was implanted in Mr. Rand in March 2012, and in subsequent years leading up to his February 2015 revision surgery. Despite mounting scientific evidence about the health risks posed by the BHR's metal-on-metal design, Defendant continued to promote the device as safe to both the FDA and the general public. Complaint at ¶ 42 (citing public statements by Smith & Nephew in February 2012 —one month before his initial surgery — and other dates touting the benefits of the BHR compared to other metal-on-metal hips.

#### 1. Plaintiff's Negligence Claim is Not Preempted by Federal Law

Mr. Rand alleges that as a direct result of Smith & Nephew's actions, he was implanted with a defective and dangerous BHR system, and he suffered severe injuries as a result. These allegations state a valid parallel claim for negligence under *Lohr* and *Riegel* because they are "premised on a violation of FDA regulations" and "the state duties . . . 'parallel,' rather than add to, federal requirements." *Riegel*, 552 U.S. at 330. Defendant's negligence is premised on its failure to follow the protocol for its post-approval studies, its failure to properly report device failure incidents, and its failure to disseminate appropriate warnings about the known risks of the BHR device.

Smith & Nephew owed a common law duty to Mr. Rand to comply with the terms of the PMA, including conducting studies, reporting adverse events, implementing a

training program for surgeons, and other requirements as outlined in detail in its FDA approval letter. Likewise, California common law imposes on Smith & Nephew certain post-sale duties to monitor the sale, development, and use of the BHR System, to warn of defects and hazards, and to take other actions to protect patients who are exposed to these defects and hazards. Importantly, this common law duty need not be identical to the federal statutory requirements in order for Plaintiff to avoid express pre-emption because § 360k does not prevent a state from providing a damages remedy for claims premised on a violation of FDA regulations. *Eidson v Medtronic, Inc.*, 981 F.Supp.2d 868, 880 (N.D. Cal. 2013); *see also Stengel v. Medtronic, Inc.*, 704 F.3d 1224, 1228 (9th Cir. 2013)(en banc).

Furthermore, to ensure continued validity of the PMA, the product sponsor is required to submit postapproval reports at one-year intervals, identifying any changes in the device or any reports from clinical investigation or scientific literature concerning the device. 21 U.S.C.S. § 360i; 21 C.F.R. § 814.84 (1995). *Steele v. Collagen Corp.*, 54 Cal. App. 4th 1474, 63 Cal. Rptr. 2d 879 (1997). There is a direct connection between these violations and Plaintiff's injuries. Had Smith & Nephew complied with its obligations and reported the true risk of metal ion poisoning, as Mr. Rand alleges, the FDA would have taken appropriate and timely action as the FDA did in connection with the recall of similar metal hip devices. Smith & Nephew alleges that Mr. Rand's reference to reporting failures are conclusory and not sufficiently detailed. Defendant's Memorandum of Points and Authorities at 13. While the full extent of the failure can only be ascertained through discovery, Mr. Rand refers to the FDA's database in support of his claims. Complaint at 28, n. 3-4. The database shows 397 reported problems with the BHR device, of which more than half, or 217, are listed as either "no code" or "no information." But dozens of these same reports, including many that were reported to the FDA *before* Plaintiff's initial surgery, involve specific allegations of metallosis, metal ion toxicity and pseudotumor formation. Smith & Nephew's reporting failures are furthermore illustrated by its recent admission that it has faced approximately 495 claims in state and federal court over just

the last four years for its defective hip devices. **Exhibit A**, Smith & Nephew's Response in Opposition to Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 at 9 (Feb. 22, 2017, Judicial Panel on Multidistrict Litigation). If Smith & Nephew had adequately reported only these cases to the FDA, it still would have reported another 98 adverse events.

**2. Plaintiff's Strict Liability Claims Are Not Preempted**

Mr. Rand also brings claims of defective manufacture and failure to warn due to Smith & Nephew's violations of federal law and based on parallel California common law duties. Plaintiff's Complaint at ¶ 19-21. As a direct and proximate result of this defect, the articulation of the BHR system components inside Plaintiff's body resulted in the shedding of particles of cobalt and chromium into Plaintiff's body. Defendant argues that Plaintiff's claims, including strict liability, are not sufficiently parallel because California does not impose a duty to conduct post-approval studies or enroll patients in such studies. Defendant's Memorandum at 10. However, as illustrated in *Comella, Elmore, Gale* and other similar decisions, infra, U.S. District Courts routinely deny motions to dismiss under similar factual circumstances involving the same BHR device manufactured by Smith & Nephew. California and Ninth Circuit courts take the same approach with these claims of design defect and failure to warn. *Seedman v. Cochlear Ams.*, No. SACV 15-00366 JVS (JCGx), 2015 U.S. Dist. LEXIS 106305 (C.D. Cal. Aug. 10, 2015) (Plaintiff's claim that Defendants failed to warn the FDA is not preempted); *see also Thibodeau v. Cochlear Ltd.*, No. CV-13-02184-PHX-DGC, 2014 U.S. Dist. LEXIS 101784 (D. Ariz. July 25, 2014); *Michajlun v. Bausch & Lomb, Inc.*, 2015 U.S. Dist. LEXIS 30024 (S.D. Cal. Mar. 11, 2015) (complaint alleged articles discussing specific instances of the alleged effects that were not reported); *Stengel*, supra, 704 F.3d at 1227 (complaint alleged FDA had sent warning letter to defendant stating that it had concealed known risks in violation of 803.50(a)(1)); *Eidson v. Medtronic Inc.*, 40 F.Supp.3d 1202, 1233 (C.D. Cal 2014); *Elliott v. Smith & Nephew*, No. 1:12-CV-0070-EJL-MHW, 2013 U.S. Dist. LEXIS 59072, at *30 (D. Idaho Apr. 15, 2013)(denying motion to dismiss on grounds of preemption

plaintiff's medical device claims against Smith & Nephew including Defendant's Motion to Dismiss with respect to violation of Idaho Product Liability Reform Act, strict liability, and negligence.

**3. Plaintiff's Breach of Warranty Claims Are Not Preempted**

Like the negligence, strict product liability and failure to warn claims, Mr. Rand has adequately pled parallel state law claims for breach of warranty. The FDA's Conditional Approval Letter of May 9, 2006, warned Smith & Nephew that its "warranty statements must be truthful, accurate, and not misleading, and must be consistent with applicable Federal and State laws." Complaint at ¶ 44.

As noted above, Smith & Nephew continued to claim publicly that its BHR device was made of materials that were safe and not subject to metal toxicity and premature failure like other metal-on-metal devices. Smith & Nephew even referred patients and the public to third-party websites that it sponsored, and that boasted the BHR allowed patients to perform extraordinary physical feats after implantation, such as martial arts, downhill skiing, surfing or a "sprint triathlon" with their prosthetic BHR devices. Complaint at ¶ 43.

Mr. Rand's breach of warranty claim challenges these representations, namely that the BHR System was not safer than other metal hip devices on the market, the BHR System experienced the same wear and tear problems that other metal devices experienced, and the manufacturing process used to make the BHR did not prevent metal ion release. These representations fall outside the PMA approval, were not authorized by the FDA, and do not challenge the FDA's initial approval of the BHR. Like his other claims, these warranty claims are based on parallel California laws that operate independently from the federal regulations.

State law claims based on breach of express warranty can survive preemption under the MDA only to the extent that they seek to impose liability for misleading warranties such as the voluntarily ones mentioned above that are made outside the label. *Houston v. Medtronic, Inc.*, 957 F.Supp.2d 1166 (C.D. Cal. 2013) ("[F]ederal law already prohibits

false or misleading off-label promotion. Therefore, to the extent that Plaintiff seeks to impose liability on Defendants for voluntarily making misleading warranties, outside the label, plaintiff is not imposing any requirement different from or additional to what federal law already requires").

**4. Plaintiff's Remaining Claims are Adequately Parallel**

Plaintiff's remaining claims of unfair and deceptive trade practices and fraudulent concealment are likewise sufficiently parallel to survive a motion to dismiss. *Tapia v. Davol, Inc.*, 2015 U.S. Dist. LEXIS 151168 (S.D. Cal. Nov. 6, 2015)(plaintiff's alleged his prescribing physician would not have implanted the device if true facts had not been intentionally concealed); *Baker v. Bayer Healthcare Pharms., Inc.*, 2013 U.S. Dist. LEXIS 179131 (N.D. Cal. 2013)("…testing and inspection duties may be tied to liability for manufacture, design, and failure to warn, even if they are not maintainable as an independent duty."); *Wash. Mut. Bank v. Superior Court*, 75 Cal. App. 4th 773, 775, 89 Cal. Rptr. 2d 560, 562 (1999)(federal regulations "… do not annul, alter, affect, or exempt any person subject to their provisions from complying with the laws of any State" including unfair and deceptive practices claims.).

**B. The vast majority of other courts analyzing BHR claims, including in the Ninth Circuit, allow plaintiffs to survive preemption.**

In his Complaint, Mr. Rand made it clear that he did not allege the FDA improperly approved the BHR System or that Smith & Nephew could be held liable if it complied with federal law. Instead, he asserted parallel California law claims based on violations of federal statutory and regulatory law. Numerous other U.S. District courts — including in Maryland, Illinois, New York, Utah, Ohio, West Virginia and California — have rejected motions to dismiss from Smith & Nephew in cases involving the same BHR device, in highly similar situations involving parallel state-law tort claims.

**1. Illinois Courts Reject Preemption Arguments by Smith & Nephew**

In *Comella v. Smith & Nephew, Inc.*, 2013 WL 6504427 (N.D. Ill. 2013), a woman with a failed BHR device filed negligence and strict products liability claims against

Smith & Nephew. The *Comella* Court rejected Smith & Nephew's express preemption argument. Citing *Lohr* and *Riegel*, the Court explained that "[a] claim . . . based on a state common law duty that is sufficiently parallel to the requirement under . . . federal regulations imposes no additional obligation and is not preempted." *Id.* The Court held that Smith & Nephew's federal obligations to warn the FDA about dangers after the BHR system left its hands and its common-law post-sale duty to warn were "sufficiently parallel" to not be preempted. *Id.*

Three other Illinois cases yielded similar holdings. *Elmore v. Smith & Nephew, Inc.*, 2013 WL 1707956 (N.D. Ill. 2013)(citing Smith & Nephew's ongoing, post-PMA approval duties); *Tillman v. Smith & Nephew*, 2013 WL 3776973 (N.D.Ill. 2013); and *Laverty v. Smith & Nephew, Inc.*, 197 F. Supp. 3d 1026 (N.D. Ill. 2016)(federal law merely "…sets the standards for what, when, how, and to whom a manufacturer must report; it does not eviscerate the longstanding state-imposed duty to warn simply by redefining the way medical device manufacturers satisfy that obligation.")

**2. New York Court Rejects Preemption Arguments by Smith & Nephew**

In *Gale v. Smith & Nephew, Inc.*, 989 F.Supp.2d 243 (S.D.N.Y. 2013), the plaintiff filed negligence, products liability, and breach of warranty claims against Smith & Nephew. The Court held that some claims were preempted, but it allowed others to stand — including that after Smith & Nephew obtained PMA approval it failed to monitor patients' blood levels for dangerous levels of metal ions, warn doctors when it learned that patients were developing organ damage, and report adverse events to the FDA. *Id.* at 251. The Court noted that unlike a generic failure to warn claim, the plaintiff alleged Smith & Nephew failed to comply with the monitoring and reporting requirements imposed by the FDA as a condition for approving the device. *Id.*

**3. California Courts Reject Preemption Arguments by Smith & Nephew**

In *Herron v. Smith & Nephew, Inc.*, 2014 WL 1232224 (E.D.Ca. 2014), the plaintiff filed state-law negligence and strict liability claims against Smith & Nephew alleging that a BHR System implanted in his body leaked cobalt ions and caused him to experience

ongoing pain and suffering. In reviewing the plaintiff's Complaint, the Court noted that "some portion of [the plaintiff's claims were] not preempted because they [were] based upon state claims that parallel the federal requirements of the MDA and its implementing regulations." *Id.* at 8. For example, the plaintiff alleged that the BHR "was designed and/or manufactured in violation of the Act and regulations promulgated pursuant to it." *Id.* at 7. The Court explained that if the plaintiff meant that the device, as approved, was defective, then the plaintiff's claim was preempted. *See id.* On the other hand, if the plaintiff meant "that the device he received (and was implanted in him) differed in design and manufacture from the device that received premarket approval, and that the design and manufacture of the device he received was made in violation of the Act, then there [was] no preemption [because he was] alleging a parallel claim . . . ." *Id.*

The plaintiff in *Herron* also alleged Smith & Nephew failed to appropriately respond to adverse incident reports, failed to investigate returned BHR components, and continued to sell BHR systems when it knew or should have known they were malfunctioning. The Court explained that these allegations likely applied to post-PMA approval conduct, and thus were not subject to preemption, but that they "could be clearer, by expressly specifying that they refer to post-PMA activities." *Id.* While the *Herron* Court ultimately granted Smith & Nephew's motion, it did so because the complaint was inartfully written and it wanted the plaintiff to make it clear whether he was "taking issue with the results of the PMA process, in which case [his claims were] preempted, or he [was] taking issue with how [Smith & Nephew] carried out [its] PMA-imposed responsibilities, in which case they [were] not preempted." *Id.* at 8. *See also Chao v. Smith & Nephew, Inc.*, No. 13-CV-0114-H (BLM), 2013 U.S. Dist. LEXIS 169512, at *13-14 (S.D. Cal. Oct. 22, 2013)(denying Defendant's motion for summary judgment on claims related to alleged failure to comply with applicable surgeon training standards for the BHR device.).

///

///

**4. Ohio, Utah and Maryland Courts Reject Preemption Arguments by Smith & Nephew**

In *Frederick v. Smith & Nephew, Inc.*, 2013 WL 6275644 (N.D. Ohio 2013), a plaintiff with a failed BHR device filed negligence and strict products liability claims against Smith & Nephew asserting that the BHR "was defectively designed, [Smith & Nephew] failed to adequately warn of the design defect of which it was aware, and [Smith & Nephew] breached its express and implied warranties that the device was safe and reliable . . . ." *Id.* at 1.

In *Marion v. Smith & Nephew, Inc.*, 2016 U.S. Dist. LEXIS 99449 (D. Utah 2016), the Court granted in part and denied in part a motion to dismiss for another BHR plaintiff. The court in *Marion* allowed a claim to proceed based on negligence, agreeing with plaintiff's theory involving failure to report adverse events, the voluntary recall by Smith & Nephew, and other facts that, taken together, "… raise a plausible inference that Smith & Nephew may have violated federal regulatory requirements …" *Id.* at 13.

Finally, a U.S. District Court in Maryland denied in part and granted in part a motion to dismiss by Smith & Nephew related to yet another claim by an injured BHR plaintiff. *Williams v. Smith & Nephew, Inc.*, 2015 U.S. Dist. LEXIS 108670 (D. Md. Aug. 18, 2015). The Court in *Williams* held that plaintiff's claims of failure to warn and manufacturing defect were parallel because they tracked the common-law elements of those claims under Maryland law. *Id.* at 19-21. The Court also held that breach of express warranty claims were parallel to the extent they were based on "voluntary communications with the medical profession or the public.[.]" *Id.* at 21.

This Court should follow the above opinions rejecting preemption for Plaintiff's claims, because her claims are highly similar to the claims cited above in *Comella, Elmore, Gale, Herron, Tillman, Laverty, Marion, Frederick* and *Williams*. A tenth case, *Raab v. Smith & Nephew, Inc.*, 150 F. Supp. 3d 671, 678 (S.D. W. Va. 2015), also involved a BHR device but the court allowed plaintiff to proceed with claims of strict products liability, failure to warn, breach of implied warranty of merchantability, and loss

of consortium. As in all ten of these cases, the device here is a BHR system that Smith & Nephew contends is subject to the conditions of a PMA. His claims are similar to these ten cases because they involve violations of federal law, and parallel violations of state law for negligence, strict products liability, and breach of warranty among other claims. Smith & Nephew argues that other courts have sided with its version of the preemption argument, including in Arizona. Memorandum at 8, citing *Spellman v. Smith & Nephew, Inc.*, 2017 WL 461447 (D. Ariz. Feb. 2, 2017). But there are key differences between *Spellman* and the ten cases where plaintiffs have survived motions to dismiss related to the BHR system. First, *Spellman* was only dismissed after an amended complaint was filed. Second, the only claims in *Spellman* involved strict liability and negligence. Third, there are additional allegations and facts in Plaintiff's complaint that make it more factually specific than *Spellman*. Finally, although Arizona is part of the Ninth Circuit, it was decided under Arizona law and not California law.

Here, Mr. Rand takes great care in describing how his claims are premised on Smith & Nephew's failure to comply with FDA guidelines, but only to the extent they constitute a parallel violation of California law. This Court should follow the lead of numerous other courts across the country, including in the Ninth Circuit, and deny Smith & Nephew's motion to dismiss. Smith & Nephew waited nine years to recall the BHR device, demonstrating why Plaintiff's doctor and others were slow to be concerned about metal ion poisoning. Mr. Rand further alleges that Smith & Nephew became aware during the post-PMA approval period that BHR systems were wearing excessively and causing metal ions to release into patients' bodies, yet they did not issue PMA supplements, post-approval reports, or other information as required or allowed by federal law.

**C. Plaintiff's Allegations Are Sufficient under Fed. R. of Civ. P. 8.**

Rule 8(a)(2) requires a Complaint to contain a "short and plain statement of the claim showing that the pleading is entitled to relief." Fed.R.Civ.P. 8(a)(2). A Complaint must do more than simply assert "labels and conclusions" and "a formalistic recitation of

the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, it must give the defendant fair notice of what the claim is about and the grounds upon which it rests and establish a "reasonably founded hope that that the discovery process will reveal relevant evidence to support [a] claim." *Id.* at 559. "[A] plaintiff's pleading burden corresponds to the amount of information available." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In its Motion, Smith & Nephew asks the Court to extend *Twombly* and *Iqbal* well beyond where they have been taken before, essentially arguing that Mr. Rand was not just required to establish a plausible claim, but rather that he was required to prove every allegation made in his initial 28-page pleading. Smith & Nephew makes these arguments knowing that most of the product-specific information it claims is required is kept confidential by federal law and can only be made available during discovery. Contrary to Smith & Nephew's argument, Plaintiff's allegations in this case contain substantial factual detail and are not simply labels and conclusions or a formalistic recitation of the elements of a cause of action.

The level of factual specificity in Plaintiff's Complaint goes well beyond what courts have approved in other cases, because those courts have recognized that plaintiffs typically need discovery in product liability cases before they can plead claims with much specificity. In *Bausch v. Stryker Corp.*, 630 F.3d 546, 560 (7th Cir. 2010), the Seventh Circuit reviewed a Complaint that failed to identify the alleged defect or the specific federal regulatory requirements that were alleged to be violated. Rejecting the manufacturer's arguments under *Twombly* and *Iqbal*, the Court explained that while the addition of those details would make the Complaint stronger, "[it did] not believe the absence of those details shows a failure to comply with Rule 8 of the Federal Rules of Civil Procedure or can support a dismissal under Rule 12(b)(6)." The Court also offered the following suggestion: "[I]n applying that standard to claims for defective manufacture of a medical device in violation of federal law . . . district courts must keep in mind that much of the product specific information about manufacturing needed to investigate such

a claim fully is kept confidential by federal law. Formal discovery is necessary before a plaintiff can fairly be expected to provide a detailed statement of the specific bases for her claim." *Id.* at 558.

A number of courts have rejected the pleading insufficiency arguments in cases involving the BHR system. In *Elmore* and *Tillman*, plaintiffs simply alleged that the BHR System was defective, Smith & Nephew failed to properly respond to adverse incident reports, and they suffered injuries. In both cases, courts held that while additional allegations would strengthen their claims, they were sufficient under the circumstances because they suggested a link between the BHR System and the plaintiff's injuries.

Courts in the Ninth Circuit follow the same plausibility standard set forth in *Bausch*. "Rule 8(a) requires only that Plaintiff's Complaint include "a short and plain statement of the claim showing that Plaintiff is entitled to relief, and . . . a demand for judgment for the relief he seeks." Fed. R. Civ. P. 8(a), *Clark v. Allstate Ins. Co.*, 106 F.Supp.2d 1016 (S.D. Cal. 2000).

**D. Plaintiff Requests an Opportunity to Amend**

If the Court were to find that the initial Complaint was improperly pled or insufficient in some respect, Mr. Rand requests that it afford him an opportunity, after reviewing the Court's opinion, to amend and correct the error. *Bausch v. Stryker Corp.*, 630 F.3d 546, 549, 562 (7th Cir. 2010). This leave should be granted liberally and when justice so requires. *Paramount Contrs. & Developers, Inc. v. City of L.A.*, No. CV 08-5653 ABC (PLAx), 2011 U.S. Dist. LEXIS 156023, at *60 (C.D. Cal. Feb. 7, 2011); *Fortner v. Hamrick*, No. EDCV 15-1372-RGK (KS), 2016 U.S. Dist. LEXIS 20565 (C.D. Cal. Jan. 7, 2016)

It would not be futile to allow Mr. Rand to amend, and include additional facts and allegations based on more than 800 pages of documents from the FDA, including emails, letters, medical literature and adverse-event reporting, related to Smith & Nephew's approval and subsequent post-market surveillance of the BHR system. The documents were obtained by the undersigned counsel via the Freedom of Information Act after

Plaintiff filed his complaint, and the records were unavailable at the time of filing.

## VI. CONCLUSION

WHEREFORE, and for the foregoing reasons, Plaintiff Sidney Rand respectfully requests that the Motion to Dismiss denied, or alternatively that he be given leave to amend.

Dated: March 8, 2017

**JONES WARD PLC**

/s/ Alex C. Davis
ALEX DAVIS
*alex@jonesward.com*
JASPER WARD
*jasper@jonesward.com*
312 S. Fourth Street, 6th Floor
Louisville, KY 40202
Telephone: (502) 882-6000
*(Admitted Pro Hac Vice)*

JOHN H. GOMEZ
*jgomez@gomeztrialattorneys.com*
AHMED S. DIAB
*adiab@gomeztrialattorneys.com*
LINDSAY R. STEVENS
*lstevens@gomeztrialattorneys.com*
GOMEZ TRIAL ATTORNEYS
650 Town Center Drive, Suite 870
Costa Mesa, CA 92626
Telephone: (714) 881-0319

*Attorneys for Plaintiff Sidney Rand*

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2017, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all ECF users registered with the Court for this case.

/s/ Alex C. Davis

*Counsel for Plaintiff*