John W. Shaw, Esq., SBN: 82802
jshaw@sksattorneys.com
Litsa Georgantopoulos, Esq., SBN: 238288
lg@sksattorneys.com
SHAW, KOEPKE & SATTER
26626 Hawthorne Boulevard, Suite 320
Torrance, California 90505
Telephone: (310) 373-4445
Facsimile: (310) 373-4440

Attorneys for Defendant,
SMITH & NEPHEW, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SIDNEY RAND,<br>Plaintiff,<br>vs.<br>SMITH & NEPHEW, INC., a Tennessee Corporation,<br>Defendants. | Case No.: 16-cv-09383-RGK-RAO<br>[Action Filed: December 20, 2016]<br>**DEFENDANT SMITH & NEPHEW, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS DUE TO PENDING ORAL ARGUMENT BY U.S. JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**<br>Hearing Date: April 3, 2017<br>Time: 9:00 a.m.<br>Ctrm.: 850 |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendant Smith & Nephew, Inc. ("S&N") submits the following Opposition to Plaintiff Sidney Rand ("Plaintiff") Motion to Stay Proceedings Due to Pending Oral Argument by U.S. Judicial Panel on Multidistrict Litigation ("JPML").

## I. INTRODUCTION.

This Court should deny Plaintiff Sidney Rand's ("Plaintiff") request for a stay because -- contrary to the assertions in his Motion to Stay Proceedings Due to Pending Oral Argument by U.S. District Judicial Panel on Multidistrict Litigation -- the elements justifying a stay do not exist in this case.

In the present Motion, Plaintiff asks this Court to stay briefing on S&N's Motion to Dismiss ("S&N's Motion") until the Judical Panel on Multidistrict Litigaiton ("JPML") rules upon the pending motion to transfer and consolidate this case with thirty six (36) others in an multidistrict litigation ("MDL") proceeding. Plaintiff relies on conclusory allegations that a stay will preserve judicial resources and prevent hardship to the moving part. These claims are overstated and insufficient. They assume, first, that an MDL will be created over S&N's objection. Second, they ignore the fact that local resolution would allow this Court to consider the availability of parallel state claims under local law, rather then requiring an MDL judge (assuming an MDL is created) to consider the laws of each of the states from which parallel claims are asserted.

This Court can, and should, rule on S&N's Motion regardless of any anticipated decision by the MDL Panel regarding consolidation. There are case-specific issues present in S&N's Motion which merit local resolution prior to any MDL transfer.

## II. LEGAL ANALYSIS.

The Rules of Procedure of the JPML expressly provide that "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." JPML Rule 2.1(d); *see also T. F. v. Pfizer, Inc.*, No. 4:12 CV 1221 CDP, 2012 WL 3000229, at No. 1 (E.D. Mo. July

23, 2012) (denying motion to stay pending JPML decision); *Collett v. Freid*, 2004 WL 3103776, at *1 (E.D. Ky. July 15, 2004) ("The Panel entered a conditional order consolidating numerous actions pending in federal courts against [defendant] for pretrial proceedings under 28 U.S.C. § 1407. That conditional order, does not, however, affect this Court's jurisdiction…") "[A] district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation." *Jozwiak v. Stryker Corp.*, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010) (*quoting Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997)).[1] In fact, "matters such as motions to dismiss or remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer." MANUAL FOR COMPLEX LITIGATION § 20.131 (4th ed.)

District courts in this circuit and throughout the country have denied stays and ruled on pending motions prior to a decision by the JPML. *See*, *e.g.*, *Collett*, 2004 WL 3103776; *Farkas v. Bridgestone/Firestone, Inc.*, 113 F. Supp. 2d 1107, 1115 fn. 8 (W.D. Ky. 2000); *Boudin v. ATM Holdings, Inc.*, 2007 WL 1841066, at *1 (S.D. Ala. June 27, 2007); *Barber* and *Toppins* cases cited *infra* fn. 1. When ruling on the propriety of a motion to stay a case pending a decision by the JPML, courts should consider three principal factors: (1) potential prejudice to the non-

---

[1] In *Rivers*, the court noted that it is sometimes appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel. However, the court nonetheless expressly cautioned that a stay is not automatic and requires a proper determination that judicial resources would be preserved. *Rivers*, 980 F.Supp. at 1360. *See also Barber v. BP, PLC*, 2010 WL 2266760, at *1 (S.D. Ala. June 4, 2010) (stressing that a stay pending transfer to the MDL proceedings is not automatic); *Toppins v. 3M Co.*, 2006 WL 12993, at *1 (E.D.Mo. Jan. 3, 2006) ("A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation.")

moving party if a stay is granted; (2) potential hardship and inequity to the moving party if a stay is not granted; and (3) whether staying the proceeding would preserve judicial resources and avoid duplicative litigation. *Jozwiak*, 2010 WL 147143, at *2 (*quoting Rivers*, 980 F.Supp. at 1360)). In order for a stay to be warranted, "[t]he moving party must demonstrate a 'clear case of hardship or inequity' if there is even a 'fair possibility' that the stay would work damage on another party." *Id.* (*quoting Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983)).

These factors all weigh in favor of denying Plaintiff's Motion to Stay.

## A. A Stay Will Prejudice Smith &Nephew.

Courts often refuse to issue an across-the-board stay when a motion is already pending. See, e.g., *Tortola Restaurants, L.P. v. Kimberly Clark Corp.*, 987 F. Supp. 1186, 1189 (N.D. Cal. 1997) ("A putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings merely on the grounds that a MDL transfer motion has been filed); *Spears v. Fresenius Medical Care North America, Inc.*, 4:13-CV-855 (CEJ), 2013 WL 2643302, at *4 (E.D. Mo. June 12, 2013); *Kohl v. American Home Products Corp*, 78 K. Supp. 2d 885, 887 (W.D. Ark. 1999).[2] Plaintiff's assertion that S&N "will not endure any hardships if the Motion to Stay is granted" simply because S&N "faces dozens of other lawsuits" has no relevancy or bearing on whether to award Plaintiff the relief she seeks. [Plaintiff's Motion to Stay Proceedings, p. 6, Docket Entry 20]. Granting the stay is prejudicial to S&N as it potentially forces S&N to defend this action as part of an MDL before its Motion is heard, increases S&N's expenses for a case which should properly be dismissed, and allows Plaintiff an

---

[2] Plaintiff cites a stay order issued in *Steven Zingler v. Smith & Nephew, Inc.*, 16-CV-1599 (E.D. Wisc.) (Feb. 21, 2017). That Order was issued one business day after it was filed, without affording S&N an opportunity to respond. In cases in which S&N was allowed to respond, a motion to stay was denied. *Terrence Laverty, et al. v. Smith & Nephew, Inc.*, C.A. No. 1:15-CV-09485 (E.D. Ill.) (Mar. 3, 2017) *See* Exhibit "A" to Declaration of John W. Shaw ¶ 2.

inordinate amount of time to analyze and respond to the pending Motion potentially in another jurisdiction unfamiliar with California law.

Any stay, regardless of the amount of time, would inevitably prejudice S&N simply in terms of additional expense and time. This Court is the proper forum for a decision on S&N's Motion, particularly considering the fact that the validity of the preemption arguments raised therein require the reviewing court to determine whether "parallel claims" exist under California law.[3] Should the action be transferred, resolution of S&N's Motion will be delayed, creating a "fair possibility" that S&N will be prejudiced by the expense and inconvenience of presenting it again in a foreign forum when it was already pending in a local court. A district judge in a sister state should not have to rule on California law that will be fully briefed and submitted to this Court.

**B. Plaintiff Has Not Demonstrated A "Clear Case of Hardship or Inequity" If The Case Is Not Stayed.**

The second factor that must be present to support entry of a stay is that "[Plaintiff] must demonstrate a clear case of hardship or inequity if there is even a fair possibility that the stay would work damage on [S&N]." *Jozwiak*, 2010 WL 147143, at *2 (emphasis added). Here, Plaintiff cites four reasons he will suffer hardship if a stay is not entered. Plaintiff first complains that preparing a "thoughtful and comprehensive response…is no small task, and will requires dozens of hours of preparation and drafting." [Plaintiff's Motion to Stay Proceedings, p. 6, Docket Entry 20]. However, Plaintiff has already filed its response to S&N's Motion rendering this argument moot. [Plaintiff's Response in Opposition to Motion to Dismiss, Docket Entry 22-1]; *see also Boudin*, 2007 WL 1841066, at *1 ("As for prejudice…no plaintiff has a right to delay a ruling on a

---

[3] *See* MANUAL FOR COMPLEX LITIGATION § 22.35 (4th ed.) (emphasizing "[t]he reasons for a stay diminish, however, if the pending motions raise issues relating to the law of a single state that are unlikely to arise in other related cases.")

ripe motion to dismiss simply so that the case can be transferred to another forum where he believes he might stand a better chance of defeating the motion.")

Plaintiff's next claim of prejudice misses the mark entirely. Specifically, he alleges he will suffer hardship because this Court "will not have adequate time to review and rule upon the motion" prior to the oral argument before the JPML. [Plaintiff's Motion to Stay Proceedings, p. 6, Docket Entry 20]. First, it is simply not accurate to claim this Court likely will have a shorter timeframe than usual to rule on the Motion.[4] The hearing schedule for S&N's Motion is in accordance with the 28-day notice period as provided in Local Rule 6-1 with a hearing date *before* the oral argument before the JPML. Second, any potential time issues with the Court's docket certainly does not prejudice or impose hardship on Plaintiff. At some point, a ruling must necessarily be made on S&N's Motion.

Third, Plaintiff makes an illogical (and nonsensical) argument that it is somehow unfair to proceed with S&N's Motion at this time because he "has not received the benefit of any discovery in this matter…." [Plaintiff's Motion to Stay Proceedings, p. 6, Docket Entry 20.] The filing of a motion to dismiss presupposes that Plaintiff is not entitled to any discovery because his claims fail as a matter of law. *Chudasma v. Mazda Motor Corp.*, 123 F.3d. 1353, 1368 (11th Cir. 1997); *Sanders v. Am. Family Mut. Ins. Co.;* 2007 WL 844771 at *2 (W.D. Mo. Mar. 16, 2007). Further, the fact that there are other pending cases in the potential MDL that have, according to Plaintiff, "survived motions to dismiss" is immaterial. S&N's Motion is based, in part, on an analysis of California-specific causes of action.

---

[4] The MDL Panel has recognized the benefits of deferring a decision on whether to transfer an action to MDL where pending motions remain to be decided in the local court. *In re Res. Exploration, Inc., Sec. Lit.*, 483 F.Supp. 817, 821 (JPML 1980) (deferring transfer decision until summary judgment motion pending in transferor court was decided).

Rulings from other jurisdictions are not dispositive on S&N's preemption claim.[5] Moreover, this case is already behind other cases included in the motion to transfer and consolidate, which could result in additional unjustified and unreasonable delay of the MDL proceeding if this case is eventually transferred. The most efficient course is to allow this case to proceed, and if it is transferred, the transferee court, as well as the parties, will benefit from an early ruling on S&N's Motion.

Finally, Plaintiff raises the specter of "inconsistent rulings on the preemption issue…because the transferee judge in the proposed MDL proceeding will be reviewing the same legal and factual matters that are presently before this Court." [Plaintiff's Motion to Stay Proceedings, p. 6, Docket Entry 20.] Plaintiff did not cite any specific cases or pending issues to support this conclusory allegation. That is, of course, because he cannot. None of the other cases in the proposed MDL discuss preemption within the framework of California law, nor do they have similar facts as this particular plaintiff with his own unique medical history. As set out above, there are case-specific issues present in S&N's Motion that should be resolved by this Court. Plaintiff's allegations of "inconsistent rulings," without any support for these assertions, is unpersuasive. Plaintiff has failed to meet his burden of showing that he will be subjected to a "clear case of hardship or inequity" if a stay is not granted -- another factor militating the denial of his motion.

---

[5] Plaintiff, without citing any specific cases, claims that "[i]n a majority of those cases where the preemption issue has been fully briefed, Plaintiffs have survived motions to dismiss." [Plaintiff's Motion to Stay Proceedings, p. 6, Docket Entry 20.] However, many cases have been dismissed with prejudice in their entirety. *See, e.g., Spellman v. Smith & Nephew, Inc.*, 2017 WL 461447, at *2-3 (D. Ariz. Feb. 3, 2017); *Mink v. Smith & Nephew, Inc.*, 2016 WL 1045588 (S.D. Fla. Mar. 14, 2016). Further, in cases that have survived a motion to dismiss, the surviving claims have depended on an analysis of state law, and such analysis is better undertaken by a Missouri court, rather than a transferee court. *See, e.g., Williams v. Smith & Nephew, Inc.*, 2015 WL 4984531, at *6-7 (D. Md. Aug. 18, 2015) (applying Maryland law).

### C. Denying the Stay Will Not Impose Any Burden On Judicial Resources.

Finally, denying the stay and proceeding with S&N's Motion will not impose any significant burden on the Court nor require duplication of efforts. In fact, completing the briefing and ruling on the motion in this jurisdiction is likely to conserve judicial resources.

Pursuant to local rules, S&N's Motion will be ripe for review on March 27, 2017 – three (3) days before oral argument before the JPML. Thus, this Court has time to address S&N's Motion prior to a final transfer and consolidation decision by the Panel. If S&N's Motion is granted, it would obviate the need for the JPML to address whether to transfer this case. And if the motion is granted in part or denied, this action will proceed more expeditiously following the JPML's ruling.

*Barber*, 2010 WL 2266760, is instructive. There, the court cogently reasoned:

> [r]egardless of whether or where the MDL Panel ultimately transfers this action for consolidated and coordinated pretrial proceedings, defendants will need to file answers or responsive pleadings. Should any of these defendants see fit to file Rule 12(b) motions, those motions will need to be briefed. Entering a stay at this juncture and under these circumstances would not rescue defendants from material hardship or the risk of inconsistent adjudications…it would benefit both the parties and the transferee court (assuming there is one) to have a clear picture of the issues joined and the defenses raised, with briefing on any threshold legal issues already completed, at the time of any transfer order by the MDL Panel.

*Id.* at *2. Thus, rather than diminishing judicial economy or prejudicing Plaintiff, resolution of the 12(b) motion "would benefit both the parties and the transferee court.

## III. CONCLUSION.

In the absence of a particularized threat to judicial economy or prejudice to Plaintiff, the pendency of a motion to transfer and consolidate before the JPML should not result in a whole cloth stay of proceedings. A stay would be prejudicial to S&N by further delaying resolution of case-specific issues that would not benefit from consolidation, and only serve to unfairly benefit Plaintiff. Accordingly, S&N respectfully requests that Plaintiff's motion to stay be denied.

Dated: March 9, 2017

Respectfully submitted,

SHAW, KOEPKE & SATTER

By: */s/ John W. Shaw*
John W. Shaw
Litsa Georgantopoulos
Attorneys for Defendant
SMITH & NEPHEW, INC.

## **Signature Certification**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing of this document:

Dated: March 9, 2017 *_/s/ John W. Shaw_*

**CERTIFICATE OF SERVICE**
***Rand v. Smith & Nephew, Inc., et al***
***U.S. District Court No. 2:16-cv-09383-RGK-RAO***

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 23326 Hawthorne Boulevard, Suite 320, Torrance, California 90505.

On March 9, 2017, I served the within ***DEFENDANT SMITH & NEPHEW, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY PROCEEDINGS DUE TO PENDING ORAL ARGUMENT BY U.S. JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*** on the interested parties in said action by placing [X] a true and correct copy or [] the original thereof enclosed in a sealed envelope, and addressed as set forth on the attached Service List and delivered by one or more of the means set forth below:

**[X] [*VIA MAIL*]** By depositing said envelope with postage thereon fully prepaid in the United States mail at Torrance, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Torrance, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[] ***[VIA FACSIMILE]*** I caused the above-referenced document(s) to be transmitted to the-named person(s) to the telecopier number(s) set forth on attached Service List.

Executed on March 9, 2017, at Torrance, California.

**[X] (FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

/s/ Maria Nixon
MARIA NIXON

**SERVICE LIST**

| Counsel | Representing: |
| --- | --- |
| John H. Gomez, Esq.<br>Ahmed Diab, Esq.<br>Lindsay Stevens, Esq.<br>GOMEZ TRIAL ATTORNEYS<br>650 Town Center Drive, Suite 870<br>Costa Mesa, CA 92626<br>Tel: (714) 881-0319 ▪ Fax: (619) 237-3496<br>john@thegomezfirm.com<br>adiab@thegomezfirm.com<br>lstevens@thegomezfirm.com<br><br>Alex Davis, Esq.<br>JONES WARD PLC<br>312 S. Fourth Street, 6th Floor<br>Louisville, KY 40202<br>Tel: (502) 882-6000 ▪ (502) 587-2007<br>alex@jonesward.com | *Attorneys for Plaintiff, SIDNEY RAND* |